UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:   JENNIFER Y. GREENE,            )
                                         )   Case No. 19-41579
                                         )   Chapter 13
SSN: XXX-XX-6413                         )   Hearing Date:
Debtor(s)                                )   Hearing Loc:
                                         )

## CHAPTER 13 PLAN

| 1.1 | A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor. | __ Included  _X_ Not Included |
|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest. | ___ Included  _X_ Not Included |
| 1.3 | Nonstandard provisions set out in Part 5. | ___ Included  _X_ Not Included |

**Part 1.        NOTICES**

**TO DEBTORS:** This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Eastern District of Missouri.  **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS:  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**  You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.  If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Eastern District of Missouri Local Bankruptcy Rule 3015.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

**Part 2.        PLAN PAYMENTS AND LENGTH OF PLAN**

2.1    **Plan Payments**.  **Debtor is to make regular payments to the Chapter 13 Trustee as follows:  (complete one of the following payment options)**

   (A) $860.00 per month for 60 months.

   (B) $_____ per month for _____ months, then $_____ per month for

_____ months, then $_____ per month for _____ months.

(C) A total of $_____ through _____, then $_____ per month for _____ months beginning with the payment due in _____, 20____.

2.2    **Tax Refunds**. Within fourteen days after filing federal and state income tax returns, Debtor shall provide the Chapter 13 Trustee with a copy of each return required to be filed during the life of the plan.  The Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3    **Additional Lump Sums**. Debtor shall send additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.

**Part 3.    DISBURSEMENTS**

Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors.  All disbursements by the Trustee will be made pro-rata by class, except per month disbursements described below.  However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6, those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1    **Trustee**.   Pay Trustee a percentage fee as allowed by law.

3.2    **Executory Contract/Lease Arrearages**. Trustee will cure pre-petition arrearage on any executory contract accepted in paragraphs 3.3(A) or (B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD (6 months or less) |
|---|---|---|
| N/A | N/A | 6 |

3.3    **Pay the following sub-paragraphs concurrently:**

(A) **Post-petition real property lease payments**. Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments (which the Debtor shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|

(B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|

(C) **Continuing Debt Payments (including post-petition mortgage payments on real**

2

**estate, other than Debtor's residence.**) Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee shall make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.

CREDITOR NAME          MONTHLY PAYMENT

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence shall be paid at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

CREDITOR NAME          MONTHLY PAYMENT          BY DEBTOR/TRUSTEE

(E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears (not provided for elsewhere in the plan) in full in equal monthly installments over the life of the plan, estimated as:

CREDITOR NAME          TOTAL AMOUNT DUE          INTEREST RATE

3.4   **Attorney Fees**. Pay Debtor's attorney $2,400.00 in equal monthly payments over 18 months (no less than 18 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See procedures manual for limitations on use of this paragraph]

3.5   **Pay the following sub-paragraphs concurrently**:

(A) **Pre-petition arrears on secured claims paid in paragraph 3.3**. Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

CREDITOR NAME    TOTAL AMOUNT DUE          CURE PERIOD          INTEREST RATE

(B) **Secured claims to be paid in full**. The following claims shall be paid in full in equal monthly payments over the period set forth below with 6.75% interest:

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| BRIDGCREST | $24,208.06 | 60 | $28,837.00 |
| MISSOURI DEPARTMENT OF REVENUE | $7,534.00 | 60 | $8,975.00 |

(C) **Secured claims subject to modification**. Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 6.75% interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 3.9(A), estimated as set forth below. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

CREDITOR          BALANCE DUE     FMV     REPAY PERIOD     TOTAL w/ INTEREST

(D) **Co-debtor debt paid in equal monthly installments**. The following co-debtor claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, such claim(s)

3

shall be paid in equal monthly installments over the period and with interest as identified below:

CREDITOR     EST BALANCE     TRUSTEE/CO-DEBTOR     PERIOD          INTEREST RATE

(E) **Post Petition Fees and Costs**. Pay any post-petition fees and costs as identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

3.6     **Additional Attorney Fees**. Pay $2,400.00 of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7     **Pay sub-paragraphs concurrently**:

(A) **Unsecured Co-debtor Guaranteed Claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below:

CREDITOR NAME     EST TOTAL DUE     TRUSTEE/CO-DEBTOR     INTEREST RATE

(B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s):

CREDITOR          TOTAL DUE          TOTAL AMOUNT PAID BY TRUSTEE

3.8     **Priority Claims.** Pay priority claims allowed under § 507 that are not addressed elsewhere in the plan in full, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| OFFICE OF THE COLLECTOR OF REVENUE | $1,389.82 |
| COLLECTOR OF REVENUE | $740.49 |
| INTERNAL REVENUE SERVICE | $238.00 |

3.9     **Pay the following sub-paragraphs concurrently**:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $210,038.23. Amount required to be paid to non-priority unsecured creditors as determined by §1325(a)(4) hypothetical Chapter 7 liquidation calculation: $0.00. Amount required to be paid to nonpriority unsecured creditors as determined by §1325(b) calculation: $0.00. Debtor guarantees a minimum of $500.00 (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s). (Choose one).

4

☐ Any deficiency shall be paid as non-priority unsecured debt.

☐ The Trustee shall stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency (if any) still owed after sale of the surrendered collateral.

CREDITOR                COLLATERAL


(C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance will be paid as non-priority unsecured debt:

CREDITOR                CONTRACT/LEASE

**Part 4.      OTHER STANDARD PLAN PROVISIONS**

4.1     Absent a specific order of the Court to the contrary, the Chapter 13 Trustee, rather than the Debtor, will make all pre-confirmation disbursements pursuant to § 1326(a).

4.2     All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Chapter 13 Trustee.

4.3     The proof of claim shall control the valuation of collateral and any valuation stated in the plan shall not be binding on the creditor.

4.4     The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5     Any post-petition claims filed and allowed under § 1305 may be paid through the plan.

4.6     Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

4.7     All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328. However, Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the court enters an order granting Debtor's request to avoid the liens.

4.8     Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such claimant.

**Part 5.      NONSTANDARD PLAN PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

5

**The following plan provisions will be effective only if there is a check in the box "included" in Part 1 of this Plan:**

**5.1**
_____
_____
_____

**5.2**
_____
_____
_____

**Part 6.**     **VESTING OF PROPERTY OF THE ESTATE**

6.1     Title to Debtor's property shall re-vest in Debtor(s) upon confirmation.

**Part 7.**     **CERTIFICATION**

**The debtor(s) and debtor(s) attorney, if any, certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 13 of the Eastern District of Missouri, other than any Nonstandard Plan Provisions in Part 5.**

DATE: 3/17/19          DEBTOR: /s/ Jennifer Y. Greene

DATE: 3/17/19          /s/ Michael J. Benson
                       Michael J. Benson, #6284397IL
                       Attorney for Debtor(s)
                       A Bankruptcy Law Firm, LLC
                       801 Lincoln Highway
                       Fairview Heights, IL 62208
                       618-207-6500 Phone
                       618-551-2575 Fax
                       court@bensonlawfirms.com

# **CERTIFICATE OF SERVICE**

      Comes now Debtor, Jennifer Y. Greene, by and through his attorney, and certifies that on March 18, 2019 via first-class mail, postage prepaid, a true and accurate copy of the Original Chapter 13 Plan was served upon the following persons that were not served electronically:

                /s/ Michael J. Benson\_\_\_\_\_

Diana S. Daugherty  
Chapter 13 Trustee  
P.O. Box 430908  
St. Louis, MO 63143

U.S. Trustee  
111 S Tenth St, Ste 6.353  
St. Louis, MO 63102

Missouri Department of Revenue  
Bankruptcy Unit  
PO Box 475  
301 W High Street  
Jefferson City, MO 65105-0475

All Creditors on Attached Mailing Matrix

```
Account Resolution Corp
Attn: Bankruptcy
Po Box 3860
Chesterfield, MO 63006

ARC Managment Group
1825 Barrett Lakes Blvd, # 505
Kennesaw, GA 30144

Axcess Financial
7755 Montogomery Road
Suite 400
Cincinnati, OH 45236

Beth Holtz Schenck
29 The Boulevard
Saint Louis, MO 63117

BJC Healthcare
PO Box 958410
Saint Louis, MO 63195

Bridgecrest
Attn: Bankruptcy
7300 E Hampton Ave, Ste 100
Mesa, AZ 85209

Capital Bank
Attn: Bankruptcy
1 Church St. # 300
Rockville, MD 20850

Citicards Cbna
Po Box 6217
Sioux Falls, SD 57117

Clayton Emergency Group
6420 Clayton Road
Saint Louis, MO 63117

Collector of Revenue
St. Louis County Personal Property
41 S Central Avenue
Saint Louis, MO 63105

Consumer Collection Management, Inc.
Attn: Bankruptcy
Po Box 1839
Maryland Heights, MO 63043

Credit Acceptance
25505 West 12 Mile Rd
Suite 3000
Southfield, MI 48034
```

```
Credit Box
2400 East Devon Avenue, Suite 300
Des Plaines, IL 60018

Credit Collection Services
Attn: Bankruptcy
725 Canton St
Norwood, MA 02062

Credit Collection Services
725 Canton Street
Norwood, MA 02062

ERC/Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Exeter Finance Corp
Po Box 166008
Irving, TX 75016

FedLoan Servicing
Attn: Bankruptcy
Po Box 69184
Harrisburg, PA 17106

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jefferson Capital Systems, LLC
Po Box 1999
Saint Cloud, MN 56302

Kansas Counselors Of Kansas
Attn: Bankruptcy
Po Box 14765
Shawnee Mission, KS 66285

Kenneth Bini
12412 Powerscourt Dr, Ste 225
Saint Louis, MO 63131

Law Office of Brett Borland
PO Box 312057
Atlanta, GA 31131

Lynntown Apartments
9675 Muriel Ave
Saint Louis, MO 63114
```

```
Medical Commercial A
Attn: Bankruptcy Department
2835a High Ridge Blvd.
High Ridge, MO 63049

Missouri Department of Revenue
Bankruptcy Unit
PO Box 475
301 W High Street
Jefferson City, MO 65105-0475

MOHELA
Attn: Bankruptcy
633 Spirit Dr
Chesterfield, MO 63005

National Credit Systems, Inc.
Attn: Bankruptcy
Po Box 312125
Atlanta, GA 31131

National Health Care Col
153 Chesterfield Busines
Chesterfield, MO 63005

Navient
Attn: Bankruptcy
Po Box 9000
Wiles-Barr, PA 18773

Office of the Collector of Revenue
City of St. Louis
Earnings & Payroll Tax Division
1200 Market Street, Room 410
Saint Louis, MO 63103

Santander Consumer USA
Po Box 961245
Ft Worth, TX 76161

Sprint
6200 Sprint Pkwy
Overland Park, KS 66251

St. Luke's Hospital
232 South Woods Mill Road
Chesterfield, MO 63017

United Credit Co
Attn: Bankruptcy
512 Madison St
St Charles, MO 63301
```

```
Washington Universit
7425 Forsyth Blvd
St Louis, MO 63105
```